IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES FORD | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| COOK COUNTY BOARD OF REVIEW | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AT LAW**

Now Comes the Plaintiff, CHARLES FORD, by and through his attorney, Jerome F. Marconi, and complaining of the Defendant, COOK COUNTY BOARD OF REVIEW, alleges as follows:

**JURISDICTION**

1. Plaintiff, CHARLES FORD ("Ford"), seeks redress for violation of the Family Medical Leave Act (FMLA) of 1993, (29 U.S.C. §2601, et seq.), also hereinafter referred to as "FMLA".

2. Jurisdiction of this court is provided by 28 U.S.C. §1331 and §1343 and 29 U.S.C. §2617(a)(2).

3. Defendant, COOK COUNTY BOARD OF REVIEW ("Board of Review"), is an independent office within Cook County, an Illinois municipality created under the

1

laws of the State of Illinois.

4. The Board of Review is an "employer" for purposes of the FMLA because it engaged in commerce or in any industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks.

5. Ford is an "eligible employee" for purposes of the FMLA because he was an employee who had been employed for at least 12 months and for at least 1,250 hours of service during the previous 12-month period prior to the violation of the FMLA.

6. Venue for this action is appropriate under 28 U.S.C. §1391(b) because the Board of Review does business within this district.

## PARTIES

7. Ford is a resident of the State of Illinois.

8. Board of Review an independent office within Cook County, an Illinois municipality created under the laws of the State of Illinois.

## BACKGROUND

9. Ford commenced his employment with the Board of Review in February, 2012.

10. Ford's position at the time of his termination was Senior Residential Analyst. Ford was the Lead Analyst for Townhome and Landmark appeals. As a Senior

2

Residential Analyst, Ford would review appeals of property tax valuations.

11.     On February 1, 2015 Ford was seriously injured in an accident and developed a serious health condition requiring intermittent medical care. On occasion, Ford's physician recommended that Ford take a leave of absence from work in order to seek medical treatment for his serious health condition.

12.     After being diagnosed with the serious health condition, Ford notified the Board of Review of his need for time off to seek intermittent medical treatment.

13.     On November 18, 2020, Ford notified the Board of Review he was scheduled to undergo surgery on January 5, 2021 for his serious health condition. Ford requested time off work to undergo the surgery and participate in rehabilitation.

14.     On December 7, 2020, after receiving Ford's request for FMLA leave, the Board of Review send Ford a letter terminating his employment and advised him his final pay day would be December 25, 2020.

15.     The Board of Review did not provide Ford with a reason for his abrupt termination or respond to his request for FMLA leave to undergo surgery.

## COUNT I
## VIOLATION OF THE FMLA

16.     Ford restates and realleges by reference paragraphs 1 through 15 as though fully set out herein.

3

17. Section 2612 (1)(D) of the FMLA provides:

"Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:...
(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."
29 U.S.C. § 2612 (1)(D).

18. Pursuant to the FMLA, "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave--
(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

19. Ford notified the Board of Review that he was scheduled to undergo surgery in January, 2021 and requested medical leave to undergo the surgery for his serious health condition.

20. Upon notifying the Board of Review of his scheduled surgery, the Board of Review, without explanation, terminated Ford's employment.

21. The Board of Review violated the provisions of the FMLA by terminating Ford's employment and by knowingly denying Ford's request to exercise his right to take a medical leave pursuant to the leave provisions of the FMLA.

WHEREFORE, Plaintiff, Charles Ford, prays for the following relief against the Defendant:

4

A. Reinstate him into his former position or a comparable position or award him front pay as an alternative form of equitable relief;

B. Award him an amount equal to the amount of his lost back pay;

C. Award him liquidated damages as defined in the Act;

D. Award him attorney's fees and costs

E Prejudgment interest calculated at the prevailing rate; and

F. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of the Family Medical Leave Act; and

G. Grant such other relief as this Court deems just and appropriate.

## COUNT II
## RETALIATION

22. Ford restates and realleges by reference paragraphs 1 through 21 as though fully set out herein.

23. Ford was an eligible employee under the FMLA and provided notice of a serious health condition and requested leave for his serious health condition.

24. Pursuant to the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. § 2615(a)(1).

25. Ford attempted to exercise his rights under the FMLA by informing Human Resources of his serious health condition and need for surgery.

26. When Ford attempted to exercise his rights under the FMLA, the Board of Review terminated Ford's employment.

27. By terminating Ford's employment, the Board of Review retaliated and discriminated against Ford in violation of the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1).

WHEREFORE, Plaintiff, CHARLES FORD, prays for the following relief against the Board of Review:

A. Reinstate him into his former position or a comparable position or award him front pay as an alternative form of equitable relief;

B. Award him an amount equal to the amount of his lost back pay;

C. Award liquidated damages for which he is entitled under the FMLA;

D. Award him attorney's fees and costs;

E. Prejudgment interest calculated at the prevailing rate; and

F. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of the Family Medical Leave Act; and

G. Grant such other relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by his attorney, demands trial by jury as to all issues triable by jury in this case.

By: <u>s/ Jerome F. Marconi</u>
One of Plaintiffs' Attorneys

Jerome F. Marconi
Law Offices of Jerome F. Marconi
288 Shenstone Road
Riverside, Illinois 60546
Tel (312) 930-5645
Fax (312) 360-1130
jerry@marconilawoffice.com